1  C.D. Michel – SBN 144258
   cmichel@michellawyers.com
2  Joshua Robert Dale – SBN 209942
   jdale@michellawyers.com
3  Alexander A. Frank – SBN 311718
   afrank@michellawyers.com
4  Konstadinos T. Moros – SBN 306610
   kmoros@michellawyers.com
5  MICHEL & ASSOCIATES, P.C.
   180 E. Ocean Boulevard, Suite 200
6  Long Beach, CA 90802
   Telephone: (562) 216-4444
7  Facsimile: (562) 216-4445

8  Attorneys for Plaintiffs Lance Boland, Mario Santellan, Reno May, Jerome Schammel,
   and California Rifle & Pistol Association, Incorporated

9
   ROB BONTA
10 Attorney General of California
   MARK R. BECKINGTON
11 Supervising Deputy Attorney General
   ROBERT L. MEYERHOFF, SBN 298196
12 GABRIELLE D. BOUTIN, SBN 267308
   Deputy Attorneys General
13 300 South Spring Street, Suite 1702
   Los Angeles, CA 90013-1230
14 Telephone: (213) 269-6177
   Fax: (916) 731-2144
15 E-mail: Robert.Meyerhoff@doj.ca.gov
   *Attorneys for Rob Bonta in his official capacity as*
16 *Attorney General of the State of California*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| LANCE BOLAND, an individual; MARIO SANTELLAN, an individual; RENO MAY, an individual; JEROME SCHAMMEL, an individual; CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED, a California corporation,<br><br>                    Plaintiffs,<br><br>        v.<br><br>ROBERT BONTA, in his official capacity as Attorney General of the State of California; and DOES 1-10,<br><br>                    Defendants. | **CASE NO.: 8:22-cv-01421-CJC(ADSx)**<br><br>**JOINT FED. R. CIV. P. 26(f) REPORT** |

Under Federal Rule of Civil Procedure 26(f), the Parties submit the following Joint Rule 26(f) Report after the conference of counsel held on November 22, 2022:

**I.      Rule 26(f) Conference and Statement of the Case**

The Parties' counsel met and conferred on November 22, 2022. In attendance for Plaintiffs was Joshua Robert Dale, Konstadinos T. Moros, and Alexander A. Frank. In attendance for Defendant was Robert Meyerhoff.

<u>Plaintiffs' Statement of the Case:</u>

Plaintiffs' lawsuit is a Second Amendment-based challenge to nearly all of the statutes that constitute California's Unsafe Handgun Act, California Penal Code sections 31900 – 32110. The UHA imposes numerous requirements on handguns that effectively prohibit Californians from buying in the retail market all semiautomatic centerfire handguns introduced to the broader national handgun marketplace since May 2013. Plaintiffs allege that under the Second Amendment, as interpreted in *District of Columbia v. Heller*, 554 U.S. 570 (2008), and *New York State Rifle & Pistol Assn. v. Bruen*, 597 US __, 142 S. Ct. 2111 (2022), the UHA is unconstitutional.

<u>Defendant's Statement of the Case:</u>

Plaintiffs' lawsuit is a Second Amendment challenge to certain provisions of the California's Unsafe Handgun Act ("UHA"). The UHA is constitutional under the test set forth in *New York State Rifle & Pistol Assn. v. Bruen*, 597 US __, 142 S. Ct. 2111 (2022).

**II.     Joint Rule 26(f) Report and Discovery Plan**

    **A.      Changes to the timing, form, or requirement to exchange initial disclosures.**

<u>Plaintiff's Position:</u>           No proposed changes.

<u>Defendant's Position:</u>         Defendant requests that the deadline for initial disclosure be extended to January 9, 2023, as lead counsel for Defendant began taking parental leave on November 29, 2022, the case will be transitioned to another attorney, and Defendant is currently briefing its response to Plaintiffs' motion for a preliminary injunction.

B.     **Potential formats of discovery sought by all parties.**

<u>Plaintiff's Position:</u> Plaintiff believes that this case is not a fact-discovery intensive matter and is essentially a constitutional law controversy that turns on legal findings and not factual findings. Plaintiff does not not intend to take party depositions or propound extensive fact and document discovery. Plaintiff believes that expert witness deposition and report discovery is likely the only discovery procedure parties will use.

<u>Defendant's Position:</u>  Defendant believes that this case will involve significant expert discovery involving time-intensive historical research of primary and secondary sources. Defendant also intends to take fact discovery from Plaintiffs in this case, which may include written discovery and depositions.

C.     **Estimated Discovery Completion Deadline.**

<u>Plaintiff's Proposal</u>: Discovery should be complete by July 3, 2023. Plaintiff proposes the following deadlines for discovery, trial, and pretrial proceedings:

| | |
|---|---|
| Exchange of Initial Disclosures: | December 6, 2022 |
| Plaintiff's expert disclosure deadline: | February 15, 2022 |
| Defendant's expert disclosure deadline: | March 1, 2022 |
| Rebuttal expert disclosure deadline: | April 3, 2022 |
| Fact discovery deadline: | May 5, 2022 |
| Expert discovery deadline: | July 3, 2022 |
| Dispositive motion deadline: | TBD by the Court |
| Pretrial conference: | TBD by the Court |
| Trial: | TBD by the Court |

Plaintiffs propose July 3, 2022 as the cut-off for all discovery because Plaintiffs believe that a shorter discovery period is justified given that there will be little-to-no fact discovery in this case. Furthermore, after the hearing on Plaintiffs' motion for preliminary injunction in January, parties will have a clear idea of what discovery, if any, is needed and believe that discovery should be immediately pursued so that a resolution of this matter can be reached without unnecessary delay.

<u>Defendant's Proposal:</u> Discovery should be complete by October 9, 2023. A schedule longer than that proposed by Plaintiffs is particularly appropriate in this case. As noted above, lead counsel began paternity leave on November 29, 2022. In addition, Plaintiffs' Motion for Preliminary Injunction is currently set for hearing on January 23, 2023. Defendant's newly assigned counsel is currently briefing the opposition to that motion and will need to prepare for the hearing. The Court's resolution of that motion, moreover, may inform and affect the parties' plans for discovery. Defendant therefore proposes the following deadlines for discovery, trial, and pretrial proceedings:

| | |
|---|---|
| Exchange of Initial Disclosures: | January 9, 2022 |
| Plaintiffs' expert disclosure deadline: | May 10, 2023 |
| Defendant's expert disclosure deadline: | May 24, 2023 |
| Rebuttal expert disclosure deadline: | June 27, 2023 |
| Fact discovery deadline: | August 3, 2023 |
| Expert discovery deadline: | October 9, 2023 |
| Dispositive motion deadline: | December 18, 2023 |
| Pretrial conference: | At the court's discretion |
| Trial: | At the court's discretion |

**D.   Whether discovery should be conducted in phases or limited to particular issues.**

<u>Plaintiff's position</u>: Discovery does not need to be conducted in phases or limited to particular issues. Plaintiff does not foresee any risks that counsel in favor of needing to do so.

<u>Defendant's Position</u>: Defendant agrees with Plaintiffs' position.

**E.   Any issues about the discovery of electronic information including how the electronic information should be produced.**

<u>Plaintiff's Position</u>: Given the anticipated discovery, including the anticipated lack of any electronic discovery, Plaintiff's propose that all reports and other documents be produced in searchable (OCR) Portable Document Format (.PDF) files.

<u>Defendant's Position</u>:  Defendant agrees with Plaintiffs' position, to the extent that a particular document type, layout, and format can reasonably be produced as an OCR .PDF file.

**F.     Issues related to claims of privilege or protection of trial-preparation materials.**

<u>Plaintiff's Position</u>: Default safeguards and procedures under the Federal Rules of Civil Procedure and Local Rules are sufficient to address any privilege issues.

<u>Defendant's Position</u>: Defendant agrees with Plaintiff's position.

**G.     Potential changes to the limitations on discovery required under the Federal Rules of Civil Procedure or the Local Rules.**

<u>Plaintiff's Position:</u> Changes to the limitations on discovery under the federal or local rules are not necessary.

<u>Defendant's Position</u>:  Defendant agrees with Plaintiff's position.

**H.     Other orders the court should issue under the Federal Rules of Civil Procedure.**

<u>Plaintiff's Position</u>: None.

<u>Defendant's Position:</u>  None.

**I.     Choice of settlement procedure.**

<u>Plaintiff's Position</u>: Plaintiffs do not believe this case can be settled. This is a constitutional law case is not about damages but about injunctive relief involving Plaintiffs' civil rights.

<u>Defendant's Position</u>: Defendant does not think this case can be settled, given the nature of Plaintiffs' claims and they relief they seek.

**J.     Additional issues under Local Rule 26-1.**

   **i.     Complexity of Case.**

<u>Plaintiff's Position</u>: This is not a complex case.

<u>Defendant's Position</u>: None.

   **ii. Motion Schedule.**

 <u>Plaintiff's Position</u>: Plaintiff

 <u>Defendant's Position</u>: Defendant believes that the dispositive motion deadline should be set for December 18, 2023.

   **iii. ADR.**

 <u>Plaintiff's Position</u>: ADR is not needed in this matter because this is a constitutional case that involves legal determinations. However, if required to participate, Plaintiffs would select procedure ADR procedure No. 1.

 <u>Defendant's Position</u>: Defendant does not think that ADR is likely to be beneficial in this case. If ADR is mandated, Defendant would prefer ADR option 1 (i.e., a settlement conference with the district judge or magistrate judge assigned to the case).

   **iv. Trial Estimate.**

 <u>Plaintiff's Position</u>: 3 days.

 <u>Defendant's Position</u>: 5 days.

   **v. Additional Parties.**

 <u>Plaintiff's Position</u>: One potential plaintiff may sought to be added within the next 30 days. The potential plaintiff suffers from disabilities that make use of a Roster firearm difficult for adequate self defense.

 <u>Defendant's Position</u>: Defendant does not intend to seek to add any additional parties to the case.

   **vi. Expert Witnesses.**

 <u>Plaintiff's Position</u>: Plaintiffs will designate expert rebuttal witnesses if the need to do so arises.

 <u>Defendant's Position</u>: Plaintiffs' expert disclosure deadline should be May 10, 2023, Defendant's expert disclosure deadline should be May 24, 2023, and the rebuttal expert disclosure deadline for all parties should be June 27, 2023.

Respectfully submitted,

Dated: November 30, 2022                    MICHEL & ASSOCIATES, P.C.


                                            /s/C.D. Michel
                                            C.D. Michel

                                            *Attorneys for Plaintiffs Lance Boland, Mario Santellan, Reno May, Jerome Schammel, and California Rifle & Pistol Association, Incorporated*


Dated: November 30, 2022

                                            Respectfully submitted,

                                            ROB BONTA
                                            Attorney General of California
                                            MARK BECKINGTON
                                            Supervising Deputy Attorney General

                                            /s/Gabrielle D. Boutin
                                            Gabrielle D. Boutin
                                            Deputy Attorney General

                                            *Attorneys for Defendant Rob Bonta in his Official Capacity as Attorney General of the State of California*


**ATTESTATION**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filer attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

# CERTIFICATE OF SERVICE
## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Case Name: *Boland, et al. v. Bonta*

Case No.:   8:22-cv-01421-CJC(ADSx)

IT IS HEREBY CERTIFIED THAT:

    I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 East Ocean Boulevard, Suite 200, Long Beach, California 90802.

    I am not a party to the above-entitled action. I have caused service of:
**JOINT FED. R. CIV. P. 26(f) REPORT**
on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

    Robert L. Meyerhoff, Deputy Attorney General
    robert.meyerhoff@doj.ca.gov
    300 South Spring Street, Suite 1702
    Los Angeles, CA 90013-1230

    I declare under penalty of perjury that the foregoing is true and correct. Executed November 30, 2022.

    */s/ Christina Castron*
    Christina Castron