C.D. Michel – SBN 144258
cmichel@michellawyers.com
Joshua Robert Dale – SBN 209942
jdale@michellawyers.com
Alexander A. Frank – SBN 311718
afrank@michellawyers.com
Konstadinos T. Moros – SBN 306610
kmoros@michellawyers.com
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Boulevard, Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444
Facsimile: (562) 216-4445

Attorneys for Plaintiffs Lance Boland, Mario Santellan, Reno May, Jerome Schammel, and California Rifle & Pistol Association, Incorporated

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| LANCE BOLAND, an individual; MARIO SANTELLAN, an individual; RENO MAY, an individual; JEROME SCHAMMEL, an individual; CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT BONTA, in his official capacity as Attorney General of the State of California; and DOES 1-10,<br><br>Defendants. | Case No. 8:22-cv-01421-CJC(ADSx)<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT'S OBJECTIONS TO PLAINTIFFS' EVIDENCE IN SUPPORT OF PRELIMINARY INJUNCTION** |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

Plaintiffs Lance Boland, Mario Santellan, Reno May, Jerome Schammel, and California Rifle & Pistol Association, Incorporated, respectfully submit the following responses to the State's objections to the evidence Plaintiffs submitted in support of their motion for preliminary injunction (Dkt No. 24):

**Response to Objection No. 1:**

This evidence is a government produced and published document which includes data about the number of firearms stolen in the U.S. per year. Plaintiffs included this evidence via request for judicial notice to highlight to the Court that the theory behind microstamping is logically flawed and that microstamping would not promote any valid state interest even if it were adopted.

The idea is that firearms used in crime are generally not lawfully transferred to the criminals who use them nefariously, and thus the microstamp that would theoretically be imprinted on a cartridge casing left at a crime scene will not reveal the identity of the criminal who discharged the rounds. It will only reveal the identity of the rightful owner from whom the firearm was first stolen, which is of practically no value to law enforcement investigators.

The State objects that this evidence is not relevant. That is true to the extent that interest balancing Plaintiffs' desire to freely purchase off-roster firearms in the retail market against the State's purported interest in public safety is not part of the *Bruen* test.

However, it is still relevant because it relates to the background facts of the Unsafe Handgun Act ("UHA") and how the microstamping requirement came to be. While it may not be relevant to any key legal consideration that the Court needs to decide, it is also not unduly prejudicial, does not pose any risk of confusion, or raise any other substantial fact-finding concern that would truly justify sustaining the State's objection to it.

**Response to Objection No. 2:**

This evidence is a government produced and published document which includes

data about the number of firearms stolen in the U.S. per year. Plaintiffs included this evidence via request for judicial notice to highlight to the Court that the theory behind microstamping is logically flawed and that microstamping would not promote any valid state interest even if it were adopted.

The idea is that firearms used in crime are generally not lawfully transferred to the criminals who use them nefariously, and thus the microstamp that would theoretically be imprinted on a cartridge casing left at a crime scene will not reveal the identity of the criminal who discharged the rounds. It will only reveal the identity of the rightful owner from whom the firearm was first stolen, which is of practically no value to law enforcement investigators.

The State objects that this evidence is not relevant. That is true to the extent that interest balancing Plaintiffs' desire to freely purchase off-roster firearms in the retail market against the State's purported interest in public safety is not part of the *Bruen* test.

However, it is still relevant because it relates to the background facts of the UHA and how the microstamping requirement came to be. While it may not be relevant to any key legal consideration that the Court needs to decide, it is also not unduly prejudicial, does not pose any risk of confusion, or raise any other substantial fact-finding concern that would truly justify sustaining the State's objection to it.

**Response to Objection No. 3:**

This evidence is data about the rough market prices of popular off-roster firearms which can be configured for full ambidextrous use, as compared to the one and only full ambidextrous on roster model which is significantly more expensive than the off-roster models. The State objects to this evidence on the grounds that document and facts submitted are not proper for judicial notice because they are not "generally known" and cannot be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). The State also objects on the grounds that the document has not been authenticated. FED. R. EVID. 901(a).

The first objection should be overruled because price data about these firearms is

the kind of factual matter which is generally known and can easily be verified by a quick google search, phone call to an arms seller, or other easily accessible means.

The second objection should be overruled because authentication is not needed for the Court to take judicial notice of documents that are properly subject to judicial notice. "The issue of whether the Court can take judicial notice of a document is separate from whether the party has properly authenticated the documents for which for which judicial notice is requested." *Gregory v. Fresno Cty.*, No. 1:18-cv-00524, 2019 U.S. Dist. LEXIS 87347 (E.D. Cal. May 23, 2019).

Here, Plaintiffs only ask the Court to take judicial notice of the prices reflected on the exhibit, and that does not require authentication of the documents themselves because the prices are generally known, are easily confirmed through simple online research, and are not subject to reasonable dispute.

**Response to Objection No. 4:**

The State's objection to this content is hard to parse because it does not explain why there is insufficient evidence of personal knowledge. The State simply asserts it in conclusory fashion. And the State has not presented any reason to doubt the veracity of the personal experiences which justify this declaration content, which clearly does have a basis in the declarant's percipience, and therefore is not hearsay.

**Response to Objection No. 5:**

The State's objection to this content is hard to parse because it does not explain why there is insufficient evidence of personal knowledge. The State simply asserts it in conclusory fashion. And the State has not presented any reason to doubt the veracity of the personal experiences which justify this declaration content, which clearly does have a basis in the declarant's percipience, and therefore is not hearsay.

**Response to Objection No. 6:**

The State's objection to this content is hard to parse because it does not explain why there is insufficient evidence of personal knowledge. The State simply asserts it in conclusory fashion. And the State has not presented any reason to doubt the veracity of

the personal experiences which justify this declaration content, which clearly does have a basis in the declarant's percipience, and therefore is not hearsay.

Dated: December 12, 2022                MICHEL & ASSOCIATES, P.C.

/s/C.D. Michel
C.D. Michel
*Counsel for Plaintiffs*

# CERTIFICATE OF SERVICE

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Case Name: *Boland, et al. v. Bonta*

Case No.:   8:22-cv-01421-CJC(ADSx)

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 East Ocean Boulevard, Suite 200, Long Beach, California 90802.

I am not a party to the above-entitled action. I have caused service of:

**PLAINTIFFS' RESPONSE TO DEFENDANT'S OBJECTIONS TO PLAINTIFFS' EVIDENCE IN SUPPORT OF PRELIMINARY INJUNCTION**

on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Robert L. Meyerhoff, Deputy Attorney General
robert.meyerhoff@doj.ca.gov
Gabrielle D. Boutin
Gabrielle.Boutin@doj.ca.gov
Charles J. Sarosy
charles.sarosy@doj.ca.gov
300 South Spring Street, Suite 1702
Los Angeles, CA 90013-1230

I declare under penalty of perjury that the foregoing is true and correct. Executed December 12, 2022.

*/s/ Christina Castron*
Christina Castron