Rob Bonta
Attorney General of California
Mark R. Beckington
Supervising Deputy Attorney General
Robert L. Meyerhoff, SBN 298196
Gabrielle D. Boutin, SBN 267308
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone:  (916) 210-6053
 Fax:  (916) 324-8835
 E-mail:  Gabrielle.Boutin@doj.ca.gov
*Attorneys for Rob Bonta, in his official capacity as
Attorney General of the State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LANCE BOLAND, et al.,**<br><br>    Plaintiffs,<br><br>v.<br><br>**ROB BONTA, in his official capacity as Attorney General of the State of California, et al.,**<br><br>    Defendants. | Case No. 8:22-cv-01421-DFM<br><br>**DECLARATION OF GABRIELLE BOUTIN IN SUPPORT OF DEFENDANT'S EX PARTE APPLICATION TO PERMIT WITNESS TO TESTIFY BY VIDEO OR PHONE AT JANUARY 23, 2023 HEARING**<br><br>Judge:         Hon. Cormac J. Carney<br>Trial Date:   None set<br>Action Filed: August 3, 2022 |

1

I, Gabrielle D. Boutin, hereby declare as follows:

1. I am a Deputy Attorney General with the California Department of Justice and serve as counsel in this action for Defendant Attorney General Rob Bonta, in his official capacity. I make this declaration in support of Defendant's Ex Parte Application to Permit Witness to Testify By Video or Phone at January 23, 2023 Hearing. I have personal, first-hand knowledge of the matters set forth below and, if called as a witness, I could and would testify competently thereto.

2. In the ex parte application Defendant California Attorney General Rob Bonta asks the Court to permit expert witness Dr. Saul Cornell to testify via video conference or, alternatively, telephone, at the January 23, 2023 evidentiary hearing on Plaintiffs' motion for preliminary injunction.

3. On December 14, 2022, this Court issued an order directing the parties to present at the January 23 hearing live percipient and expert testimony, along with other evidence, relating to specified subjects. ECF No. 35. Those subjects included "[a]nalogues from the historical tradition of firearm regulation in the United States that are relevantly similar to each requirement at issue in this action." *Id.* at 2. Defendant has retained one witness, Dr. Cornell, to present expert testimony on this subject at the hearing.

4. Dr. Cornell resides in the State of Connecticut and has advised Defendant's counsel that he has certain health issues and other risk factors that make him particular vulnerable to COVID-19. Since the beginning of the new year, as COVID-19 rates have risen in the United States, Dr. Cornell has advised Defendant's counsel that travel to California for the hearing would create risks to his health. Such risks would be avoided if he is permitted to testify remotely, either by video conference or by telephone. Dr. Cornell is the only witness for whom Defendant makes this request.

5. On January 10, 2023, I advised Plaintiff's counsel via email that Defendant intended to seek the Court's permission for Dr. Cornell to testify by

1  video conference and inquired as to Plaintiff's position on this request.  On January
2  12, 2023, I emailed Plaintiff's counsel to clarify that Defendant's application to the
3  Court would also request telephone testimony as an alternative to video testimony.
4  I also called Plaintiff's counsel and left a voicemail message to follow-up on the
5  request for Plaintiff's position.  Plaintiffs' counsel responded via email that
6  Plaintiffs do not oppose Defendant's request to the Court so long as Defendant does
7  not oppose any similar application by Plaintiffs for remote witness testimony at the
8  January 23 hearing.  I sent a reply stating that Defendant agrees not to oppose any
9  such application.

10       I declare under penalty of perjury that the foregoing is true and correct.
11  Executed on this 13th day January, 2023 in Davis, California.

                                            */s/ Gabrielle D. Boutin*
                                            Gabrielle D. Boutin