C.D. Michel – SBN 144258
cmichel@michellawyers.com
Joshua Robert Dale – SBN 209942
jdale@michellawyers.com
Sean A. Brady – SBN 262007
sbrady@michellawyers.com
Alexander A. Frank – SBN 311718
afrank@michellawyers.com
Konstadinos T. Moros – SBN 306610
kmoros@michellawyers.com
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Boulevard, Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444
Facsimile: (562) 216-4445

Attorneys for Plaintiffs Lance Boland, Mario Santellan, Reno May, Jerome Schammel, and California Rifle & Pistol Association, Incorporated

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| LANCE BOLAND, an individual; MARIO SANTELLAN, an individual; RENO MAY, an individual; JEROME SCHAMMEL, an individual; CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED, a California corporation;<br><br>Plaintiff,<br><br>v.<br><br>ROBERT BONTA, in his official capacity as Attorney General of the State of California; and DOES 1-10<br><br>Defendants. | Case No. 8:22-cv-01421-CJC(ADSx)<br><br>**DECLARATION OF BRIAN R. MARVEL, PRESIDENT OF PEACE OFFICERS RESEARCH ASSOCIATION OF CALIFORNIA, IN SUPPORT OF PLAINTIFFS' COURT-ORDERED SUPPLEMENTAL BRIEFING IN SUPPORT OF THEIR MOTION FOR PRELIMINARY INJUNCTION** |

# DECLARATION OF BRIAN R. MARVEL

I, Brian R. Marvel, declare:

1. Since 2018, I have served as the elected President of Peace Officers Research Association of California ("PORAC"). I am a Police Officer, and the President of PORAC, I represent the interests of law enforcement on a daily basis both in California and nationally. I also serve on the Governor's Medal of Valor Review Board, and the California Peace Officers Memorial Foundation ("CPOMF"). I am a former Navy veteran qualified as a small arms instructor and armorer.

2. Founded in 1953, PORAC is a professional federation of local, state, and federal law enforcement agencies that represents over 77,000 law enforcement and public safety professionals in California. It is the largest law enforcement organization in California and the largest statewide association in the Nation. It has a significant presence in Sacramento where it lobbies on behalf of its membership.

3. PORAC's mission is to maintain a leadership role in organizing, empowering, and representing the interests of rank-and-file peace officers. It works to identify the needs of the law enforcement community and provide programs to meet those needs through conducting research, providing education and training, and defining and enhancing standards for professionalism. Its goal is to protect the rights and benefits of officers while also creating an environment in which the law enforcement community can interact and work toward achieving common goals and objectives.

4. I am submitting this declaration because California's Unsafe Handgun Act is out of step with PORAC's values. PORAC believes that the relationship between law enforcement and society is critical, and laws that unjustifiably privilege law enforcement over the average citizen are bad for the relationship between law enforcement and the communities they police.

5. Additionally, the UHA's rules simply make no sense, from a law enforcement perspective. The UHA has little impact on individuals who commit crimes with firearms, which are usually stolen. Its microstamping provision is a fool's errand.

1. Even if it worked, microstamping would not assist the apprehension of a criminal who used stolen firearms, and we can already match registered owners to guns used in a crime through ballistics. As to the other required "features," the magazine safety disconnect and the chamber load indicator, they add nothing noticeable to the overall safety of a firearm. If they did, PORAC would be demanding agencies issue their members firearms with those features. Most agencies issue officers the latest models of either Glock or Sig Sauer handguns, which lack magazine safety disconnects, chamber load indicators, and of course microstamping.

6. The guns issued or authorized by law enforcement agencies in California are not unsafe. PORAC and I would never tolerate the provision of inferior or unsafe firearms or equipment to our sworn members. Their lives and the lives of those they protect are at stake. Throughout its history, PORAC has consistently advocated for our members to have the newest, safest, and best equipment, including handguns. These handguns do not become unsafe at the end of an officer's shift or career, nor are they unsafe in the hands of a law-abiding citizen.

7. Ironically, the UHA proports to ban unsafe handguns, but actually bars newer, improved and safer generations of handguns already on the roster. For example, many officers are issued 4th or 5th-generation Glock pistols, which are off-roster and lack magazine safety disconnects, chamber load indicators, and of course microstamping. Indeed, the size and functionality of the different generation models is essentially the same. Thus, the newest generation Glock handguns are deemed unsafe for the public, but safe enough to protect our peace officers and for them to protect members of the public.

8. Moreover, citizens have a Constitutional right to be armed for self-defense. Self-defense "is one of the inalienable rights guaranteed by the constitution of the state." (*People v. McDonnell* (1917) 32 Cal.App. 694; Cal. Const. Art. 1, § 1.) "Central to the rights guaranteed by the Second Amendment is 'the inherent right of self-defense.'" (*United States v. Torres*, 911 F.3d 1253 (9th Cir. 2019), citing *District of Columbia v. Heller* (554 U.S. 570 (2008).) Thus, the Second Amendment is an important part of

American life for both law enforcement officers and members of the public. Armed citizens do for themselves what law enforcement cannot always be there to do.

9. There is no principled reason why all law-abiding citizens in California, including off-duty and retired peace officers, should not be able to buy, at a gun store, the same type of handguns that are commonly issued to approximately 77,000 peace officers while they are on-duty in California. PORAC believes in the legitimacy of the entire Constitution, and that means the right of the people to keep and bear arms under the Second Amendment. As peace officers, we have an obligation to safeguard people's Constitutional rights.

10. Law enforcement agencies routinely upgrade their choice of duty-issued handguns to ensure that officers have the best tools for the job. But California's UHA limits the handguns available to law abiding citizens and relegates them to older generations and/or models that agencies largely no longer issue.

11. In early 2023, legislation has been introduced that will exacerbate the inconsistency of mischaracterizing police issued handguns as otherwise unsafe, by prohibiting even police officers from buying modern handguns. SB 377, recently introduced, would eliminate the law enforcement exemption to the handgun roster, except for handguns purchased by an agency for use while on duty.

12. According to its Legislative Counsel's Digest for S.B. 377: "Existing law defines the characteristics of an unsafe handgun. Existing law requires the Department of Justice to compile, publish, and thereafter maintain a roster listing all of the handguns that have been tested by a certified testing laboratory, have been determined not to be unsafe handguns, and may be sold in this state. Existing law prohibits the sale or transfer of a handgun not listed on this roster. Existing law exempts from this prohibition the sale or purchase of a handgun sold to certain law enforcement agencies and any sworn member of those entities, as specified. This bill would remove from this exemption the sale or purchase of a handgun sold to a sworn member of these exempt agencies, thereby

applying the exemption only to the sale or purchase of a handgun directly to the exempt law enforcement agencies."

13. Thus, S.B. 377 illustrates the incongruity of the entire predicate for the UHA in purporting to exempt the purchase of unsafe handguns by law enforcement agencies for the use of unsafe handguns by officers while on duty, when the officer is most likely to have to use the weapon for self defense or defense of others. However, this Bill would prohibit the very officers required to carry the allegedly unsafe handguns on duty from purchasing the same gun for personal protection. If the handgun is safe enough to be carried while on duty, it's safe enough for an officer or member of the public to purchase for personal protection.

14. PORAC actively opposes S.B. 377.

15. The UHA arbitrarily deems as "unsafe" the handguns that thousands of police officers in the state use to protect society and to protect themselves on a daily basis. If these weapons were truly unsafe, that would be a serious issue. But these weapons are not truly unsafe, and are merely deemed unsafe for political reasons.

16. To improve safety regarding firearms, the State should make sure that the CA Department of Justice has the necessary resources and directives to clear out the prohibited persons in possession of a firearm list, which stands at approximately 24,000 individuals. As there are already hundreds of gun laws in force in California, the State could mandate that District Attorneys fully enforce gun violations and the Attorney General should intervene when prosecutors refuse to do so. Sadly, on June 14, 2022, two El Monte peace officers were murdered by a gang member who, by all accounts, should have been in prison after being arrested for unlawful possession of a firearm. Due to the failure of the District Attorney in Los Angeles to enforce prohibited persons laws these two officers were murdered.

17. In addition, the State should actively engage firearm dealers, owners, law enforcement, and community stakeholders on viable solutions that work. It is critical to the safety of the public that we keep guns out of the hands of prohibited persons and

disincentivizing the unlawful use of firearms through both enforcement and criminal enhancements.

18. We found out about the existence of this case too late to file an amicus brief with this Court in time for its ruling on the preliminary injunction. We intend to request leave to file such a brief prior to trial or summary judgment in this matter. But as this Court is about to rule on a preliminary injunction, PORAC would like the Court to be aware of its position.

I declare under penalty of perjury of the laws of State of California and the United States that the foregoing is true and correct. Executed within the United States on February 23, 2023.

_____
Brian R. Marvel, declarant

# CERTIFICATE OF SERVICE

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Case Name: *Boland, et al. v. Bonta*

Case No.:   8:22-cv-01421-CJC(ADSx)

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 East Ocean Boulevard, Suite 200, Long Beach, California 90802.

I am not a party to the above-entitled action. I have caused service of:

**DECLARATION OF BRIAN R. MARVEL, PRESIDENT OF PEACE OFFICERS RESEARCH ASSOCIATION OF CALIFORNIA, IN SUPPORT OF PLAINTIFFS' COURT-ORDERED SUPPLEMENTAL BRIEFING IN SUPPORT OF THEIR MOTION FOR PRELIMINARY INJUNCTION**

on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Robert L. Meyerhoff, Deputy Attorney General
robert.meyerhoff@doj.ca.gov
Gabrielle D. Boutin
Gabrielle.Boutin@doj.ca.gov
Charles J. Sarosy
charles.sarosy@doj.ca.gov
300 South Spring Street, Suite 1702
Los Angeles, CA 90013-1230

I declare under penalty of perjury that the foregoing is true and correct. Executed February 24, 2023.

*Christina Castron*
Christina Castron

---

7
DECLARATION OF BRIAN R. MARVEL