Rob Bonta
Attorney General of California
Mark R. Beckington
Supervising Deputy Attorney General
Robert L. Meyerhoff, SBN 298196
Gabrielle D. Boutin, SBN 267308
S. Clinton Woods, SBN 246054
Charles J. Sarosy, SBN 302439
 300 South Spring Street, Suite 1702
 Los Angeles, CA  90013-1230
 Telephone:  (213) 269-6356
 Fax:  (916) 731-2119
 E-mail:  Charles.Sarosy@doj.ca.gov
*Attorneys for Rob Bonta, in his official capacity as Attorney General of the State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LANCE BOLAND, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**ROB BONTA, in his official capacity as Attorney General of the State of California, et al.,**<br><br>Defendants. | Case No. 8:22-cv-01421-CJC-ADS<br><br>**DEFENDANT'S OBJECTIONS TO DECLARATION OF BRIAN R. MARVEL SUPPORTING PLAINTIFFS' FIRST CLOSING BRIEF FOLLOWING EVIDENTIARY HEARING ON PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**<br><br>Courtroom:  9B<br>Judge:  Hon. Cormac J. Carney<br>Trial Date:  None set<br>Action Filed: August 1, 2022 |

1    Defendant California Attorney General Rob Bonta hereby submits the
2 following objections to the Declaration of Brian R. Marvel, president of the Peace
3 Officers Research Association of California ("PORAC"), ECF No. 57-2, which was
4 filed in support of Plaintiffs' first closing brief following the preliminary injunction
5 hearing.
6    1.    Defendant objects to the **entirety** of the declaration because Plaintiffs
7 failed to make Mr. Marvel available at the evidentiary hearing for cross-
8 examination. There is no explanation in Mr. Marvel's declaration for why he could
9 not have testified at the hearing, and Plaintiffs were capable of doing so given that
10 they made six other witnesses available for testimony both in person and via video
11 conference. *See* ECF Nos. 41, 47.
12   2.    Defendant objects to the **entirety** of the declaration because it constitutes
13 improper opinion evidence. Fed. R. Evid. 701. Mr. Marvel is not testifying as an
14 expert, and the statements in his declaration are not "helpful to . . . determining a
15 fact in issue." Fed. R. Evid. 701(b). As the drafters of Rule 701 noted,
16 "meaningless assertions which amount to little more than choosing up sides" should
17 be excluded for lack of helpfulness. Fed. R. Evid. 701 advisory committee's note.
18 Mr. Marvel acknowledges that the declaration's sole purpose is merely to take
19 Plaintiffs' side in this case when he states in paragraph 18 that "PORAC would like
20 the Court to be aware of its position" because it failed to file an amicus brief.
21   3.    Defendant objects to **paragraphs 4, 5, 6, and 15** of the declaration for
22 lack of relevance, because Mr. Marvel's and PORAC's views on the Unsafe
23 Handgun Act ("UHA") are not "fact[s] [] of consequence in determining the
24 action." Fed. R. Evid. 401(b).
25   4.    Defendant objects to **paragraph 5** of the declaration for lack of
26 foundation. Fed. R. Evid. 602. The declaration does not establish Mr. Marvel's
27 basis for opining on the effectiveness of the UHA's chamber load indicator,
28 magazine disconnect mechanism, and microstamping requirements.

1    5.    Defendant objects to **lines 17 through 19 of paragraph 7** of the declaration for lack of foundation. Fed. R. Evid. 602. The declaration does not establish Mr. Marvel's basis for opining that "many officers are issued 4th or 5th-generation Glock pistols."

6.    Defendant objects to **paragraphs 8 and 9** of the declaration for lack of relevance, because Mr. Marvel's and PORAC's views on the Second Amendment are not "fact[s] [] of consequence in determining the action." Fed. R. Evid. 401(b).

7.    Defendant objects to **lines 3 through 6 of paragraph 9** of the declaration for lack of foundation. Fed. R. Evid. 602. The declaration does not establish Mr. Marvel's basis for opining that off-Roster handguns are "commonly issued to approximately 77,000 peace officers while they are on-duty in California."

8.    Defendant objects to **paragraphs 11, 12, 13, and 14** of the declaration for lack of relevance, because Mr. Marvel's and PORAC's position on Senate Bill 377—a bill currently pending in the Legislature that is not before this Court and not relevant to the chamber load indicator, magazine disconnect mechanism, or microstamping requirements at issue here—are not "fact[s] [] of consequence in determining the action." Fed. R. Evid. 401(b).

| | | |
|---|---|---|
| 1 | Dated: March 10, 2023 | Respectfully submitted, |
| 2 | | ROB BONTA<br>Attorney General of California |
| 3 | | MARK R. BECKINGTON<br>Supervising Deputy Attorney General |
| 4 | | ROBERT L. MEYERHOFF<br>GABRIELLE D. BOUTIN |
| 5 | | S. CLINTON WOODS<br>Deputy Attorneys General |

*/s/ Charles J. Sarosy*
CHARLES J. SAROSY
Deputy Attorney General
*Attorneys for Rob Bonta, in his official capacity as Attorney General of the State of California*