ROB BONTA
Attorney General of California
JOHN D. ECHEVERRIA
Supervising Deputy Attorney General
MEGHAN H. STRONG
Deputy Attorney General
State Bar No. 324503
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 510-3877
  Fax:  (415) 703-5480
  E-mail:  Meghan.Strong@doj.ca.gov
*Attorneys for Defendant Rob Bonta, in his official capacity as Attorney General of the State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LANCE BOLAND, ET AL.,**<br><br>                      Plaintiffs,<br><br>v.<br><br>**ROB BONTA, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE STATE OF CALIFORNIA, ET AL.,**<br><br>                      Defendants. | Case No. 8:22-cv-01421-MRA (ADSx)<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge:       The Honorable Monica Ramirez Almadani<br>Trial Date:  Not assigned<br>Action Filed: August 1, 2022 |

1     Plaintiffs Lance Boland, Mario Santellan, Reno May, Jerome Schammel, and
2  the California Rifle & Pistol Association, Inc. (collectively, "Plaintiffs") and
3  Defendant Rob Bonta, in his official capacity as Attorney General of the State of
4  California (together with Plaintiffs, the "Parties"), hereby submit this Joint Case
5  Management Statement providing the information requested in the Court's June 12,
6  2024 Reassignment Order (Dkt. 70).

7  **A.  Date Filed**
8  This case was filed on August 1, 2022.

9  **B.  The Parties**
10 Plaintiffs:
11 - Lance Boland, an individual;
12 - Mario Santellan, an individual;
13 - Reno May, an individual;
14 - Jerome Schammel, an individual; and
15 - California Rifle & Pistol Association, Inc.
16 Defendants:
17 - Defendant Rob Bonta, in his official capacity as the Attorney General
18   of the State of California; and
19 - Does 1 through 10, whose true names or capacities are unknown to
20   Plaintiffs.

21 **C.  Summary of Claims**
22 Plaintiffs bring one claim for relief alleging that the Unsafe Handgun Act
23 violates the Second Amendment.

24 **D.  Events Underlying the Action**
25 California's Unsafe Handgun Act ("UHA"), codified at California Penal Code
26 sections 31900 through 32110, generally prohibits the manufacture or retail sale of
27 any "unsafe handgun" in California, making a violation punishable by
28 imprisonment in county jail for not more than one year.  Cal. Penal Code

1  § 32000(a).  Under the UHA, the California Department of Justice must maintain a
2  Roster of Certified Handguns (the "Roster") that have been tested by a certified
3  independent laboratory and meet other public-safety requirements.  *Id.* § 32015(a).
4  Handguns that do not appear on the Roster are deemed "unsafe handguns" under
5  the UHA.  *Id.*

6  Enacted in 1999, the UHA did not take effect until January 2001, and its
7  requirements have been amended in the years since.  From 2001 to the present, to
8  be added to the Roster, a handgun must have a "safety device" and pass firing and
9  drop-safety tests in an independent laboratory.  *Id.* §§ 31910(a)(1)(A)-(C),
10 (a)(2)(A)-(C).

11 Since 2007, a new semiautomatic pistol must have both a "chamber load
12 indicator" and a "magazine disconnect mechanism" to be added to the Roster.  *Id.*
13 §§ 31910(a)(2)(D)-(E).  A chamber load indicator is "a device that plainly indicates
14 that a cartridge is in the firing chamber" using readily visible text or graphics.  *Id.*
15 § 16380.  A magazine disconnect mechanism "prevents a semiautomatic pistol that
16 has a detachable magazine from operating to strike the primer of ammunition in the
17 fire chamber when a detachable magazine is not inserted in the semiautomatic
18 pistol."  *Id.* § 16900.

19 Beginning in May 2013, to qualify for the Roster, a new semiautomatic pistol
20 was required to have microstamping capability, meaning it could imprint a
21 "microscopic array of characters used to identify the make, model, and serial
22 number of the pistol . . . on each cartridge case when the firearm is fired."  *Id.*
23 § 31910(b)(6) (eff. 2021) (former version of statute).  When Plaintiffs filed this
24 action, the microstamping requirement was still part of the UHA, but it has since
25 been repealed by Senate Bill 452, effective January 1, 2024.  2023 Cal. Legis. Serv.
26 Ch. 253 (S.B. 452).

27
28

Plaintiffs contend that the UHA "denies Californians access to thousands of variants of handguns" in violation of their Second Amendment rights. Am. Compl., Dkt. 17 ¶ 12-13.

### E. Relief Sought and Damages

Plaintiffs seek a declaratory judgment that "California Penal Code sections 31910 through 32110, or any of these sections or any of their subsections, are unconstitutional on their face or, alternatively, to the extent these prohibitions apply to law-abiding adults seeking to acquire, use, or possess Off-Roster handguns that are in common use by Plaintiffs and the American public for lawful purposes, because such unlawfully infringes on the right of the People to keep and bear arms in violation of the Second and Fourteenth Amendments to the United States Constitution." Am. Compl., Dkt. 17 at 20.

Plaintiffs further seek an injunction enjoining "Defendants and their officers, agents, and employees from enforcing statutes that comprise the UHA, including California Penal Code sections 31910 through 32110 in their entirety, or, alternatively, to the extent such can be segregated from the rest of the statute, any provision of sections 31910 that prohibits the acquiring in the primary market, using, or possessing of Off-Roster semiautomatic firearms that are in common use by the American public for lawful purposes." Am. Compl., Dkt. 17 at 20-21.

Plaintiffs do not seek monetary damages.

### F. Status of Discovery

As described below, Defendant appealed the Court's grant of Plaintiffs' Motion for Preliminary Injunction, and that appeal is currently pending. The Parties have engaged in limited discovery during the pendency of the appeal but anticipate engaging in additional discovery after the appeal is resolved.

### G. Procedural History

This action was filed on August 1, 2022. Dkt. 1. Plaintiffs filed their Amended Complaint on September 23, 2022, and Defendant filed an Answer to the

Amended Complaint on October 7, 2022. Dkt. 17, 21. On November 15, 2022, Plaintiffs filed a Motion for Preliminary Injunction, which Defendant opposed. Dkt. 23, 30, 34. The Court held an evidentiary hearing on Plaintiffs' Motion for Preliminary Injunction on January 23 and 24, 2023, during which both sides called witnesses and presented evidence. Dkt. 42, 43. Following the evidentiary hearing, the Parties submitted post-hearing briefing. Dkt. 56, 57, 58, 59.

On March 20, 2023, the Court granted Plaintiffs' motion and preliminarily enjoined Defendant from "enforcing California Penal Code sections 31910(b)(4)-(6), or from otherwise preventing the retail sale of handguns that do not have a chamber load indicator, a magazine disconnect mechanism, or microstamping capability but that meet the other requirements of the Unsafe Handgun Act." Dkt. 60, 61. The Court stayed the effect of the preliminary injunction for fourteen days to allow the government to file an appeal. *Id.*

On March 27, 2023, Defendant filed a Notice of Appeal to the Ninth Circuit. Dkt. 62. Defendant sought, and the Ninth Circuit granted, a stay of the district court's injunction as to the chamber load indicator and magazine disconnect mechanism requirements (but not the microstamping requirement) of the Unsafe Handgun Act, Penal Code § 31910(b)(4)-(5). 9th Cir. No. 23-55276, Dkt. 7. Following briefing and argument, the Ninth Circuit took the case under submission on August 23, 2023. 9th Cir. No. 23-55276, Dkt. 75. On March 25, 2024, the Ninth Circuit vacated submission of the case pending the en banc decision in *Duncan v. Bonta*, 9th Cir. No. 23-55805. 9th Cir. No. 23-55276, Dkt. 77. *Duncan* has not yet been decided, and Defendant's appeal remains pending.

### H. Other Deadlines

On May 26, 2023, the Court vacated the original Scheduling Order in this case and set a new schedule with deadlines to be triggered after the issuance of the mandate in the pending appeal. Dkt. 67.

- All discovery (including discovery motions) shall be completed ninety (90) days after the issuance of the mandate in the appeal of the Court's order granting preliminary injunction;
- The parties are referred to ADR Procedure No. 1—Magistrate Judge, have until fourteen (14) days after the close of discovery to conduct settlement proceedings, and shall file a Joint Status Report no later than five (5) days after the ADR proceeding is completed advising the Court of their settlement efforts and status;
- The parties shall have until sixty (60) days after the close of discovery to file and have heard all other motions;
- The case shall be set for trial on a date convenient for the Court at least seventy-five (75) days after the deadline for all non-discovery motions; and
- The pretrial conference shall be set on a date convenient to the Court at least fourteen (14) days prior to the trial date.

The Court further ordered the parties to "file another stipulation and proposed order re: scheduling order dates after the issuance of the mandate in the appeal." Dkt. 67.

### I.  Magistrate Judge

The parties previously declined to proceed before a magistrate judge on September 14, 2022. Dkt. 12, 13. Defendant stands on his prior statement and respectfully declines to consent to have a magistrate judge preside over all proceedings. Plaintiffs would now consent.

### J.  Counsel Statement

The undersigned counsel hereby state that they have (1) discussed the magistrate judge consent program with their respective clients and (2) have met and conferred to discuss the consent program and selection of a magistrate judge. As noted above, the parties previously declined to proceed before a magistrate judge,

1  Dkt. 12, 13, and Defendant continues to respectfully decline consent to proceed
2  before a magistrate judge, but Plaintiffs would now consent.

Dated: June 27, 2024

Respectfully submitted,

R0B BONTA
Attorney General of California
JOHN D. ECHEVERRIA
Supervising Deputy Attorney General

*/s/ Meghan H. Strong*
MEGHAN H. STRONG
Deputy Attorney General
*Attorneys for Defendant Rob Bonta, in his official capacity as Attorney General of the State of California*

Dated: June 27, 2024

MICHEL & ASSOCIATES, P.C.

/s/C.D. Michel
C.D. Michel
Attorneys for Plaintiffs Lance Boland, Mario Santellan, Reno May, Jerome Schammel, and California Rifle & Pistol Association, Incorporated

**ATTESTATION**

I am the CM/ECF filer whose identification and password are being used to file the foregoing Joint Case Management Statement. In compliance with Civil Local Rule 45-4.3.4(a)(2), I hereby attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

Dated: June 27, 2024

*/s/ Meghan H. Strong*
Meghan H. Strong